Billy STEVENS, Appellant,

v.

STATE of Texas, Appellee.

No. 11–90–245–CR.

Court of Appeals of Texas,
Eastland.

June 17, 1993.

Richard C. Mabry, Abilene, for appellant.

James Eidson, Nelda Williams, Crim. Dist.
Attorney's Office, Abilene, for appellee.

DICKENSON, Justice.

*On Remand*

The facts are stated in this court's opinion dated January 23, 1992. See *Stevens v. State*, 822 S.W.2d 810 (Tex.App.—Eastland 1992), *remanded*, 844 S.W.2d 753 (Tex.Cr. App.1993). The Court of Criminal Appeals granted discretionary review on May 20, 1992, to determine whether this court erred:

[B]y holding that the evidence was sufficient to support Appellant's conviction despite a variance between the victim's *name as alleged in the indictment* and the name proven at trial. (Emphasis added)

The Court of Criminal Appeals subsequently decided *Ward v. State*, 829 S.W.2d 787 (Tex. Cr.App.1992), holding that an amendment to an indictment is only effectuated by "the actual alteration of the charging instrument." The Court of Criminal Appeals then remanded this case for consideration of appellant's arguments "in light of *Ward.*" We have now considered appellant's arguments pursuant to those instructions. The judgment of the trial court is affirmed.

The indictment alleged an aggravated sexual assault on "100589–040584, a male child younger than fourteen (14) years of age." The first six numbers indicate the date of the offense, and the last six numbers indicate the child's birth date. The numerical pseudonym was used by the Texas Department of Health and by the district attorney's office in compliance with TEX.CODE CRIM.PRO.ANN. art. 57.02 (Vernon Supp.1993). At the trial, the child's true name was used instead of the numerical pseudonym.

■ In view of the Court of Criminal Appeals' holding in *Ward*, we find that the indictment was not amended and that it alleged the numerical pseudonym, rather than the child's real name. The trial court erred in allowing the child's real name to be used when the indictment was read, when the evidence was introduced, and when the charge was submitted to the jury; however, there is no complaint as to these aspects of the trial.

■ Appellant argues that there is a fatal variance between the name alleged and the name proved. We find no variance because

the State is not required to prove the name of the victim of a sexual assault when a pseudonym is used under Article 57.02 unless the "identity of the victim is in issue." Article 57.02(g) specifically provides:

A court of competent jurisdiction may order the disclosure of a victim's name, address, and telephone number *only if the court finds that* the information is essential in the trial of the defendant for the offense or *the identity of the victim is in issue.* (Emphasis added)

The record shows that the identity of the victim was not in issue. It was not a disputed fact. In the absence of a showing by defendant that the victim's name is essential to his defense or that the identity of the victim is in issue, Article 57.02 eliminates the need for proof of the victim's name.

The judgment of the trial court is affirmed.