Billy Lynn STEVENS, Appellant,

v.

The STATE of Texas, Appellee.

No. 950–93.

Court of Criminal Appeals of Texas, En Banc.

Jan. 25, 1995.

Dick R. Crownover, Richard C. Mabry, Abilene, for appellant.

James Eidson, Dist. Atty., and Kent Sutton & Nelda F. Williams, Asst. Dist. Attys., Abilene, Robert Huttash, State's Atty., Austin, for State.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

BAIRD, Judge.

Appellant was convicted of aggravated sexual assault and the jury assessed punishment at thirty-seven years confinement. Tex.Penal Code Ann. § 22.021(a)(1)(B)(i) and (ii). The Court of Appeals affirmed. *Stevens v. State*, 822 S.W.2d 810 (Tex.App.—Eastland

1992). We granted appellant's first petition for discretionary review to determine "whether the Court of Appeals erred by holding that the evidence was sufficient to support Appellant's conviction despite a variance between the victim's name as alleged in the indictment and the name proven at trial." *Stevens v. State*, 844 S.W.2d 753 (Tex.Cr. App.1993). We remanded the case to the Court of Appeals for reconsideration in light of our opinion in *Ward v. State*, 829 S.W.2d 787 (Tex.Cr.App.1992). The Court of Appeals again affirmed. *Stevens v. State*, 860 S.W.2d 132 (Tex.App.—Eastland 1993). We granted appellant's second petition for discretionary review to determine whether a fatal variance exists when the indictment alleges a pseudonym but the State proves the victim's legal name at trial.[1] We will affirm.

## I.

Appellant was indicted for aggravated sexual assault. The indictment alleged "100589–040584" as a pseudonym for the victim's legal name. Tex.Code Crim.Proc.Ann. art. 57.02(b). However, throughout the extensive pre-trial hearings and the trial both the parties as well as the trial judge used the victim's legal name. The State offered no proof at trial to establish the victim and 100589–040584 were one and the same person.

## II.

### A.

As a general rule a variance between the indictment and the evidence at trial is fatal to a conviction. *Corley v. State*, 158 Tex.Crim. 207, 254 S.W.2d 394 (1953). This is because Due Process guarantees the defendant notice of the charges against him. *Ward v. State*, 829 S.W.2d 787, 794 (Tex.Cr. App.1992). Due Process is violated when an indictment alleges one offense but the State proves another. *Id.*

In *Ward*, the defendant was charged with burglary of a building owned by Seth Haller.

*Id.*, 829 S.W.2d at 788–789. However, the State's proof established the owner was Steve Scott. We held the State's proof was insufficient to support a conviction under the indictment because Ward was entitled to "learn in advance of trial and with reasonable certainty with what he is being charged so that he can properly prepare his defense." *Id.*, 829 S.W.2d at 794. *See also, Wilson v. State*, 520 S.W.2d 377, 379 (Tex.Cr.App.1975). The variance between the offense charged in the indictment and the offense proved was fatal.

However, not every variance between the evidence at trial and the indictment is fatal. In *Plessinger v. State*, 536 S.W.2d 380 (Tex.Cr.App.1976), we explained: "The object of the doctrine of variance between allegations of an indictment is to avoid surprise, and for such variance to be material it must be such as to mislead the party to his prejudice." *Id.*, 536 S.W.2d at 381 (citations omitted). In other words, only a *material* variance is fatal.

We approved this limitation on the fatal variance doctrine in *Human v. State*, 749 S.W.2d 832 (Tex.Cr.App.1988). Human's indictment alleged he was previously convicted in cause number "F7808690." However, the proof at trial established Human was convicted in cause number "F–78–8690–IQ." We held the variance was not fatal because the numbers were substantially the same, the jury was not misled, and Human offered no proof that he was surprised or prejudiced by the typographical error. *Id.*, 749 S.W.2d at 840.

### B.

This case is easily resolved under *Plessinger* and *Human*. The victim's legal name was provided to appellant in compliance with his motion seeking disclosure of the State's witnesses. Moreover, appellant, in his pre-trial motions, specifically referred

---

1. Appellant raises the following grounds for review:

    The Court of Appeals erred in finding the evidence to be sufficient when there was a material and fatal variance between the name alleged and the name proven.

    The Court of Appeals erred in finding the evidence to be sufficient when the offense charged was not the offense proven.

to the victim by legal name. Pursuant to one such motion, the trial judge held a hearing at which time the victim testified to establish his competency to testify. Finally, the State filed notice of its intent to offer the outcry testimony of the victim to his mother. Tex. Code Crim.Proc.Ann. art. 38.072. Appellant objected and a pre-trial hearing was held. At the hearing all parties referred to the victim and his mother by their legal names. Clearly, any variance between the indictment and the proof offered at trial did not operate to the appellant's surprise or prejudice his rights. *Plessinger*, 536 S.W.2d at 381. In other words, the variance was not material.

### III.

The remaining question is whether an indictment which alleges an obvious pseudonym is subject to the fatal variance doctrine. Tex.Code Crim.Proc.Ann. art. 57.02(b) provides:

A victim may choose a pseudonym to be used instead of the victim's name to designate the victim in all public files and records concerning the offense, including police summary reports, press releases, and records of judicial proceedings. A victim who elects to use a pseudonym as provided by this article must complete a pseudonym form developed under this article and return the form to the law enforcement agency investigating the offense.

Art. 57.02(f) requires the prosecutor to use the pseudonym "in all legal proceedings concerning the offense." However, art. 57.02(g) provides for the disclosure of the victim's legal name when identity is an issue or such information is essential to the trial.

■ By enacting art. 57.02, the Legislature changed the manner in which the victim may be alleged in an indictment. In doing so the Legislature sought to address and satisfy two competing interests: the defendant's due process right to notice of the offense for which he was indicted; and, the victim's interest in avoiding the embarrassment associated with a public pronouncement of the details of the alleged offense.[2] The pseudo-

nym is used to protect the victim—*not* to deprive the defendant of notice. Therefore, we hold the fatal variance doctrine is inapplicable to pseudonym cases so long as the defendant's due process right to notice is satisfied. *See, Sallings v. State*, 789 S.W.2d 408, 418 (Tex.App.—Dallas 1990).

### IV.

Appellant does not, and indeed could not, contend he was surprised to learn the victim's identity. Nor does appellant contend his due process right to notice was violated. Appellant's first and second grounds for review are overruled. The judgment of the Court of Appeals is affirmed.

CLINTON, J., concurs in the result.

---

2. In the instant case "100589–040584" is an obvious pseudonym which accomplished both purposes. However, we express no opinion on whether a due process violation may occur in cases where the State opts to use a less obvious or non-numerical pseudonym.