Affirmed and Memorandum Opinion filed March 24, 2005









Affirmed and Memorandum Opinion filed March 24, 2005.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-00933-CR

____________

 

RODERICK WAYLAND
MARTIN,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 21st
District Court

Washington County, Texas

Trial Court Cause No. 13,783

 



 

M E M O R A N D U M   O P I N I O N

Appellant Roderick Wayland Martin appeals
from his conviction for the felony offense of delivery of a controlled
substance.  In three points of error,
appellant argues that (1) the trial court improperly restricted his
cross-examination of a witness, (2) the trial court erred in denying his motion
for mistrial based on improper jury argument, and (3) the evidence was legally
and factually insufficient to support his conviction because of a variance
between the indictment and the evidence presented at trial.  We affirm.

                                                              








                                            CROSS-EXAMINATION

One of the State’s key witnesses was Eric
Stom, a police informant who purchased cocaine from appellant.  Appellant sought to undermine Stom’s
credibility through cross-examination regarding his prior felony convictions.  On direct examination, Stom testified that he
had been convicted of “a felony or a crime of moral turpitude.”  On cross-examination, appellant’s attorney
clarified that Stom had been convicted of two felonies, with one being a crime
of moral turpitude.  Appellant’s attorney
asked Stom what exactly he had been convicted of, and the State objected.  Through an offer of proof, appellant’s
attorney established that Stom had been convicted of possession of a controlled
substance and forgery.  The trial court
sustained the objection but allowed appellant’s attorney to establish that Stom
was a drug user who first started using cocaine at age sixteen and used cocaine
and marijuana almost daily until he was put on probation in 1990.  In his first point, appellant argues that the
trial court erred in limiting his cross-examination of Stom because evidence
regarding the type of offenses Stom had been convicted of would have further
undermined his credibility.

Though the accused is entitled to great
latitude in impeaching a witness’s character, the extent of cross-examination
is not unlimited.  Hoyos v. State,
951 S.W.2d 503, 506 (Tex. App.—Houston [14th Dist.] 1997), aff’d, 982
S.W.2d 419 (Tex. Crim. App. 1998).  Trial
courts have considerable discretion in imposing reasonable limits on
cross-examination, including how and when such impeachment will occur and what
evidence is material for that purpose.  Id.;
Villarreal v. State, 750 S.W.2d 314, 319 (Tex. App.—Dallas 1988, pet.
ref’d).  Further, although the fact that
a witness has been previously convicted of a crime may be introduced into
evidence, the details of that offense are inadmissible.  Mays v. State, 726 S.W.2d 937, 953
(Tex. Crim. App. 1986).








Here, the jury had abundant information
from which to assess Stom’s credibility, including that he had two prior felony
convictions with one being for a crime of moral turpitude and details about his
history of illegal drug use.  In light of
this evidence, the additional impeachment value of the name of the offense is
minimal at best.  Accordingly, we find
the trial court did not abuse its discretion in so limiting appellant’s
cross-examination of Stom, and we overrule appellant’s first point.

                                      IMPROPER
JURY ARGUMENT

During voir dire, a prospective juror
indicated that she knew appellant because he had volunteered at the Boys and
Girls Club where she worked.  In closing
argument, the prosecutor, after urging the jury to find appellant guilty,
stated, “Because there comes a time when we begin to realize that those people
who volunteer at the Boys and Girls Club, why are they volunteering for those
kinds of things?  I suggest to
you—.”  Appellant objected, and the trial
court sustained appellant’s objection and instructed the jury to disregard but
denied appellant’s request for a mistrial. 
In his second point, appellant contends this was error as the
prosecutor’s argument, which implied that appellant sold drugs or used drugs
with children, was improper and injected harmful facts outside the record.

We review a trial court’s denial of a
motion for mistrial for abuse of discretion. 
Herrero v. State, 124 S.W.3d 827, 835 (Tex. App.—Houston [14th
Dist.] 2003, no pet.).  Mistrials are an
extreme remedy for curing prejudice and should be exceedingly uncommon.  Id. at 835–36.  In most instances, an instruction to
disregard the remarks will cure any error. 
Wilkerson v. State, 881 S.W.2d 321, 327 (Tex. Crim. App.
1994).  We presume the jury obeys an
instruction to disregard, and a mistrial is necessary only if the remark is so
flagrant or offensive that its effect could not be overcome by such an
instruction.  Wesbrook v. State,
29 S.W.3d 103, 116 (Tex. Crim. App. 2000); Herrero, 124 S.W.3d at
836.  We need not decide whether the
prosecutor’s argument was improper because, even if improper, it was not so
flagrant or offensive as to warrant a mistrial. 
See Wesbrook, 29 S.W.3d at 115–16 (holding that where the jury
had been instructed to disregard it, even a prosecutor’s comment inviting the
jury to speculate on the existence of evidence not presented does not warrant
reversal unless it is flagrant or offensive). 
We overrule appellant’s second point.

                                                              








                     VARIANCE BETWEEN INDICTMENT
AND EVIDENCE

In his third point, appellant complains
that because the indictment misspells the informant’s name “Stone” instead of
“Stom” and because the indictment was never officially amended to correct this
error, the evidence is legally and factually insufficient to support his
conviction.  Not every variance between
an indictment and the evidence is fatal. 
Stevens v. State, 891 S.W.2d 649, 650 (Tex. Crim. App.
1995).  Rather, only a material variance
will render the evidence insufficient to support a conviction.  Gollihar v. State, 46 S.W.3d 243, 257
(Tex. Crim. App. 2001).  In determining
whether a variance is material, “‘we must determine whether the indictment, as
written, informed the defendant of the charge against him sufficiently to allow
him to prepare an adequate defense at trial, and whether prosecution under the
deficiently drafted indictment would subject the defendant to the risk of being
prosecuted later for the same crime.’”  Id.
(quoting United States v. Sprick, 233 F.3d 845, 853 (5th Cir.
2000)).  Appellant has made no attempt to
establish that the variance was material. 
Appellant’s defense did not depend on the name of the informant, and he
is in no danger of being prosecuted again for selling the same cocaine proved
at trial.  See id. at 258; see
also Stevens, 891 S.W.2d at 650 (finding variance based on typographical
error in indictment not fatal).  We hold
the variance is not material, and since appellant’s sufficiency claim is based
solely on the variance, we overrule appellant’s third point.

Having overruled appellant’s three points
of error, we affirm the judgment of the trial court.

 

 

/s/      Leslie Brock Yates

Justice

 

Judgment
rendered and Memorandum Opinion filed March 24, 2005.

Panel
consists of Justices Yates, Edelman, and Guzman.

Do
Not Publish — Tex. R. App. P.
47.2(b).