Shelly Renea Drouillard v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-097-CR

SHELLY RENEA DROUILLARD APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 10 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Shelly Renea Drouillard of driving while intoxicated as a repeat offender, and the trial court sentenced her to 365 days’ confinement in the Tarrant County Jail.  Appellant brings two points on appeal, arguing that the trial court erred in finding the enhancement paragraph true because a fatal variance exists between the allegation and proof of the enhancement paragraph and challenging the trial court’s refusal to strike a member of the jury panel.  Because we hold that the trial court did not reversibly err, we affirm the trial court’s judgment.

In her first point, Appellant complains that the trial court erred in finding the enhancement paragraph true because there was a fatal variance between the enhancement paragraph and the proof of the prior conviction.  As the State candidly concedes, the fatal variance doctrine applies to enhancement allegations.
(footnote: 2)  Generally, “a variance between the indictment and the evidence at trial is fatal to a conviction.  This is because Due Process guarantees the defendant notice of the charges against him.”
(footnote: 3)  But only a material variance is fatal.
(footnote: 4)  As Appellant correctly points out, the test for materiality is whether the charging instrument sufficiently informed the defendant of the charge against her to allow her to prepare an adequate defense at trial.
(footnote: 5)  While specificity is required in the information that originally charged the offense now used for enhancement, it is not necessary that all the elements be contained in the description of the offense in the enhancement paragraph.
(footnote: 6)
 In the case now before this court, Appellant was charged with previously being convicted of “operating a vehicle while intoxicated.”  The offense of driving while intoxicated is defined as “operating a motor vehicle in a public place” while under the influence of alcohol or drugs.
(footnote: 7)  Appellant’s complaint is based on the fact that the enhancement paragraph alleges operating a “vehicle” while intoxicated and not operating a “motor vehicle.”

Driving while intoxicated is an offense found in the penal code.
(footnote: 8)  Operating a vehicle while intoxicated is not a separate and distinct offense.
(footnote: 9)  Therefore, Appellant could not have been misled into believing that the State would attempt to prove the commission of a different offense.  Additionally, the cause number, the date, and the trial court relating to the enhancing offense were all alleged in the enhancement paragraph and were part of the proof.  Consequently, we hold that the information sufficiently informed Appellant of the charge against her to allow her to prepare an adequate defense at trial.
(footnote: 10)  The variance was therefore not material.
(footnote: 11)  Because the variance was not material, we overrule Appellant’s first point.

In her second point, Appellant argues that the trial court erred in denying her challenge to venire member number eight.  She argues that the trial court was required to grant the challenge under article 35.16(a)(10) of the Texas Code of Criminal Procedure.
(footnote: 12)  This provision requires the challenging party to show that the venire member has established in his mind a conclusion as to the guilt or innocence of the defendant.
(footnote: 13)  Furthermore, the challenging party must show that this conclusion would influence the venire member’s verdict.
(footnote: 14)  Closely reviewing the record, we see no indications that the venire member expressed any conclusion concerning Appellant’s guilt.  Indeed, he said,

I don’t know that lady, I don’t know what she was doing or not doing, you know.  And it wouldn’t be fair to her any more than it would if it were one of my kids or something like that.  You know, I wouldn’t want people labeling them guilty before they even heard them open their mouth or heard anything about it.

He continued, “[B]ut at the same time that doesn’t mean any particular person that you could make up your mind what someone did or didn’t do before you hear any evidence to it.”

When asked whether the death of his family members in a drunken driving accident would influence the way he viewed the evidence, the venire member responded, “I would try my best to be impartial because, like I say, you know, I don’t know what anyone did or didn’t do so far.”  Then he conceded, “I would try my best not to let it influence me.  But I couldn’t take an oath that in no way that it would affect my outcome one way or another because I don’t know that.”

The record does not indicate that venire member number eight had predetermined the guilt or innocence of Appellant.  His concern was that the misfortune that his family suffered might affect the way he viewed the evidence.  That is a different issue than the issue raised by Appellant on appeal.  We therefore overrule Appellant’s second point.

Having overruled Appellant’s two points, we affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL A: CAYCE, C.J.; DAUPHINOT and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 31, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Human v. State
, 749 S.W.2d 832, 837 (Tex. Crim. App. 1988).

3:
Stevens v. State
, 891 S.W.2d 649, 650 (Tex. Crim. App. 1995).

4:
Id.

5:
Gollihar v. State
, 46 S.W.3d 243, 247 n.6 (Tex. Crim. App. 2001).

6:
Freda v. State
, 704 S.W.2d 41, 42 (Tex. Crim. App. 1986); 
Sims v. State
, 84 S.W.3d 768, 779 (Tex. App.—Dallas 2002, pet. ref’d).

7:
Tex. Penal Code Ann.
 §§ 49.01(2), 49.04(a) (Vernon 2003).

8:
Id.
 § 49.04.

9:
See id.
 §§ 49.01-.12.

10:
See Gollihar
, 46 S.W.3d at 247 n.6.

11:
See id.

12:
Tex. Code Crim. Proc. Ann.
 art. 35.16(a)(10) (Vernon 1989).

13:
Id.

14:
Id.