COURT OF 
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-097-CR
  
  
SHELLY 
RENEA DROUILLARD                                                 APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
COUNTY CRIMINAL COURT NO. 10 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        A 
jury convicted Appellant Shelly Renea Drouillard of driving while intoxicated as 
a repeat offender, and the trial court sentenced her to 365 days’ confinement 
in the Tarrant County Jail. Appellant brings two points on appeal, arguing that 
the trial court erred in finding the enhancement paragraph true because a fatal 
variance exists between the allegation and proof of the enhancement paragraph 
and challenging the trial court’s refusal to strike a member of the jury 
panel. Because we hold that the trial court did not reversibly err, we affirm 
the trial court’s judgment.
        In 
her first point, Appellant complains that the trial court erred in finding the 
enhancement paragraph true because there was a fatal variance between the 
enhancement paragraph and the proof of the prior conviction. As the State 
candidly concedes, the fatal variance doctrine applies to enhancement 
allegations.[2] Generally, “a variance between the 
indictment and the evidence at trial is fatal to a conviction.  This is 
because Due Process guarantees the defendant notice of the charges against 
him.”[3]  But only a material variance is 
fatal.[4]  As Appellant correctly points out, the 
test for materiality is whether the charging instrument sufficiently informed 
the defendant of the charge against her to allow her to prepare an adequate 
defense at trial.[5]  While specificity is 
required in the information that originally charged the offense now used for 
enhancement, it is not necessary that all the elements be contained in the 
description of the offense in the enhancement paragraph.[6]
        In 
the case now before this court, Appellant was charged with previously being 
convicted of “operating a vehicle while intoxicated.” The offense of driving 
while intoxicated is defined as “operating a motor vehicle in a public 
place” while under the influence of alcohol or drugs.[7] 
Appellant’s complaint is based on the fact that the enhancement paragraph 
alleges operating a “vehicle” while intoxicated and not operating a “motor 
vehicle.”
        Driving 
while intoxicated is an offense found in the penal code.[8]  
Operating a vehicle while intoxicated is not a separate and distinct offense.[9]  Therefore, Appellant could not have been misled into 
believing that the State would attempt to prove the commission of a different 
offense. Additionally, the cause number, the date, and the trial court relating 
to the enhancing offense were all alleged in the enhancement paragraph and were 
part of the proof. Consequently, we hold that the information sufficiently 
informed Appellant of the charge against her to allow her to prepare an adequate 
defense at trial.[10]  The variance was 
therefore not material.[11]  Because the 
variance was not material, we overrule Appellant’s first point.
        In 
her second point, Appellant argues that the trial court erred in denying her 
challenge to venire member number eight. She argues that the trial court was 
required to grant the challenge under article 35.16(a)(10) of the Texas Code of 
Criminal Procedure.[12]  This provision requires 
the challenging party to show that the venire member has established in his mind 
a conclusion as to the guilt or innocence of the defendant.[13]  
Furthermore, the challenging party must show that this conclusion would 
influence the venire member’s verdict.[14]  
Closely reviewing the record, we see no indications that the venire member 
expressed any conclusion concerning Appellant’s guilt. Indeed, he said,
  
I don’t know that lady, I don’t know what she was doing or not doing, you 
know. And it wouldn’t be fair to her any more than it would if it were one of 
my kids or something like that.  You know, I wouldn’t want people 
labeling them guilty before they even heard them open their mouth or heard 
anything about it.
 
 
He 
continued, “[B]ut at the same time that doesn’t mean any particular person 
that you could make up your mind what someone did or didn’t do before you hear 
any evidence to it.”
        When 
asked whether the death of his family members in a drunken driving accident 
would influence the way he viewed the evidence, the venire member responded, 
“I would try my best to be impartial because, like I say, you know, I don’t 
know what anyone did or didn’t do so far.” Then he conceded, “I would try 
my best not to let it influence me. But I couldn’t take an oath that in no way 
that it would affect my outcome one way or another because I don’t know 
that.”
        The 
record does not indicate that venire member number eight had predetermined the 
guilt or innocence of Appellant. His concern was that the misfortune that his 
family suffered might affect the way he viewed the evidence. That is a different 
issue than the issue raised by Appellant on appeal. We therefore overrule 
Appellant’s second point.
        Having 
overruled Appellant’s two points, we affirm the trial court’s judgment.
 
   
                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE
    
  
PANEL 
A:   CAYCE, C.J.; DAUPHINOT and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
March 31, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Human v. State, 749 S.W.2d 832, 837 (Tex. Crim. App. 1988).
3.  
Stevens v. State, 891 S.W.2d 649, 650 (Tex. Crim. App. 1995).
4.  
Id.
5.  
Gollihar v. State, 46 S.W.3d 243, 247 n.6 (Tex. Crim. App. 2001).
6.  
Freda v. State, 704 S.W.2d 41, 42 (Tex. Crim. App. 1986); Sims v. 
State, 84 S.W.3d 768, 779 (Tex. App.—Dallas 2002, pet. ref’d).
7.  
Tex. Penal Code Ann. §§ 
49.01(2), 49.04(a) (Vernon 2003).
8.  
Id. § 49.04.
9.  
See id. §§ 49.01-.12.
10.  
See Gollihar, 46 S.W.3d at 247 n.6.
11.  
See id.
12.  
Tex. Code Crim. Proc. Ann. art. 
35.16(a)(10) (Vernon 1989).
13.  
Id.
14.  
Id.