NO. 07-06-0429-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 6, 2007

_____

ANTHONY D. JAMES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-411486; HONORABLE CECIL G. PURYEAR, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Anthony D. James, appeals his conviction on four counts of aggravated sexual assault of a child and one count of indecency with a child. By two issues, he contends his conviction should be reversed because (1) there was a fatal variance between the allegations in the indictment and the proof adduced at trial concerning the name of the

victim, and (2) the trial court erred by failing to submit a proper limiting instruction to the jury concerning evidence of extraneous offenses.  Finding no error, we affirm the conviction as to each count.

## Background

Appellant was charged by indictment with ten counts of sexual abuse pertaining to two victims, Aliakeke Harlan and Dazhina Harlan.  Counts 1 through 3 accused Appellant of aggravated sexual assault by "intentionally and knowingly caus[ing] the penetration of the female sexual organ of ALIAEKEK HARLAN, a child . . . younger than fourteen (14) years of age, by the defendant's finger" on three separate dates.  Count 4 accused the Appellant of aggravated sexual assault by "intentionally and knowingly caus[ing] the sexual organ of ALIAEKEK HARLAN, a child . . . younger than fourteen (14) years of age, . . . to contact the mouth of the defendant," while Count 5 alleged that Appellant did commit the offense of indecency with a child by "intentionally and knowingly, with intent to arouse and gratify the sexual desire of any person, engage in sexual contact by touching the breast of ALIAEKEK HARLAN, . . . ."  Counts 6 through 10 dealt with offenses wherein the alleged victim was Dazhina Harlan; however, prior to the commencement of trial in this proceeding, the trial court severed Counts 1 through 5 from Counts 6 through 10.

After a jury convicted Appellant on Counts 1 through 5, the State introduced during the punishment phase of trial evidence of prior convictions sufficient to enhance the range of punishment for the four counts of aggravated sexual assault to 25 to 99 years or life, and

2

for the one count of indecency with a child to that of a first degree felony, or 5 to 99 years, or life and a fine of up to $10,000. The trial court then sentenced Appellant to four concurrent life sentences for Counts 1 through 4, and a fifth concurrent sentence of 40 years for Count 5. Appellant gave timely notice of appeal.

## Variance of Name Alleged and Proved

By his first issue, Appellant contends that his conviction should be reversed because there was a fatal variance between the allegation contained in the indictment and the proof adduced at trial concerning the name of the alleged victim of the offense. The indictment alleges that the victim of Counts 1 through 5 is "Aliaekek Harlan." The evidence adduced at trial revealed that the correct spelling of the victim's name was "Aliakeke Harlan."

Relying on the doctrine of *idem sonans*, Appellant persuaded the trial court to charge the jury as follows:

> You are instructed that unless you find from the evidence beyond a reasonable doubt that the names Aliaekek Harlan, appearing in the indictment, and Aliakeke Harlan, as testified to in the trial are usually pronounced in such a way that the names are indistinguishable or that the attentive ear finds difficulty in distinguishing them when pronounced, you will find the defendant "Not Guilty" as to all counts.

On appeal, Appellant contends the doctrine of *idem sonans* governs this case and that the evidence is factually insufficient to sustain the conviction because the true name of the

3

victim was incapable of being pronounced the same as the name alleged in the indictment. We disagree.

Appellant is correct, a misspelled name in an indictment does not create a material variance between allegation and proof if the name alleged and that pronounced are *idem sonans*. *Jenke v. State*, 487 S.W.2d 347, 348 (Tex.Crim.App. 1972). However, that principal does not preclude the conclusion that a misspelled name in an indictment does not create a material variance between allegation and proof if the name alleged in the indictment provides the accused with sufficient notice of the offense charged. Notice is sufficient if the accused is not unfairly surprised or prejudiced in some manner. *Plessinger v. State*, 380, 381 (Tex.Crim.App. 1976).

A "variance" occurs when there is a discrepancy between the allegations in the charging instrument and the proof at trial. *Gollihar v. State,* 46 S.W.3d 243, 246 (Tex.Crim.App. 2001). While some courts have treated variance claims as being a sufficiency of notice issue, the Texas Court of Criminal Appeals has routinely treated a variance claim as a sufficiency of the evidence issue. *Id.* at 247. While a materiality or harmless error-type requirement is not generally a component in a traditional sufficiency of the evidence analysis, it is nevertheless required in the context of a variance-insufficiency claim. In that regard, a variance that is not prejudicial to a defendant's "substantial rights" is immaterial. *Id*. at 248. In determining whether or not a defendant's substantial rights have been prejudiced, we must ask two questions: (1) whether the

4

indictment, as written, provides the defendant with notice sufficient to allow him to prepare an adequate defense at trial, and (2) whether prosecution under the deficiently drafted indictment would be sufficient to allow the defendant's double jeopardy rights to attach, thereby avoiding the prejudice of being prosecuted for the same crime at a later date. *Id.*

In *Stevens v. State*, 891 S.W.2d 649, 650 (Tex.Crim.App. 1995), the indictment alleged that the defendant committed aggravated sexual assault against "100589-040584," a pseudonym; however, at trial there was no evidence that the victim and the alleged pseudonym were the same person. Applying a materiality requirement, the Court of Criminal Appeals affirmed the conviction holding that the variance between the indictment and proof did not operate to the defendant's surprise or prejudice despite the fact that "100589-040584" and the actual name of the victim were clearly not *idem sonans*. *Id.* at 651.

In this case, Appellant was personally acquainted with the victim. She was the daughter of Appellant's girlfriend and she lived in the same household for several years. She shared the same last name and was the sister of the victim in the severed counts. Furthermore, Appellant never claimed to be mislead and never sought a continuance in order to allow him to meet any surprise. Given the uniqueness of the name "Aliakeke," the orthographic similarity of the spelling (Alia*keke* v. Alia*ekek*), the nature, extent and duration of the relationship between Appellant and the alleged victim, as well as the similarity of allegations pertaining to the victim's sister, and the lack of any evidence of surprise, we find

5

that no rational person would be confused.  Because we further find that double jeopardy would bar any future prosecution for the offenses alleged as to Aliakeke, we conclude the variance in this case was immaterial.  In so finding, we overrule Appellant's first issue.

**Extraneous Offense Limiting Instruction**

By his second issue, Appellant contends the trial court erred by failing to submit a proper limiting instruction to the jury concerning evidence of extraneous offenses.  Upon close examination, Appellant's issue is actually a two-part issue complaining of alleged trial court error in (1) giving an improper limiting instruction during trial following the admission of the victim's testimony regarding other offenses, and (2) giving an improper instruction in the jury charge which failed to limit the jury's consideration to those purposes for which that evidence was admitted.

As a general principle, a multifarious point of error presents nothing for review. *County v. State*, 812 S.W.2d 303, 308 (Tex.Crim.App. 1989).  However, when an appellate court can review an appellant's points and determine the nature of the complaint with sufficient certainty to acquaint it with the issues, the court should address the arguments presented.  In this case, Appellant complains of the inadequacy, as opposed to the absence, of the contemporaneous limiting instruction given during the guilt-innocence phase of trial, as well as the inadequacy of the limiting instruction given in the court's charge.  If Appellant was not entitled to an instruction in the first place, then the adequacy of the instruction given at either point in the trial would be rendered moot.  Therefore,

because Appellant's entitlement to an instruction is dispositive of his multifarious issue, we will address that facet of his complaint.

During the presentation of its case-in-chief, the State offered the testimony of the victim, Aliakeke Harlan, concerning multiple instances of conduct like those described in the five counts of the indictment. At no time during the proceeding did Appellant request the trial court to compel the State to make an election as to which specific instance of conduct it was relying upon to prove the allegations contained in the indictment. As a result, none of the instances of conduct described were "extraneous offenses." *Rodriguez v. State*, 104 S.W.3d 87, 91 (Tex.Crim.App. 2003). Appellant's remedy was to require the State to elect the occurrence on which it sought to rely for conviction. *Id*. Because none of the testimony amounted to testimony concerning an extraneous offense, the trial court did not err in failing to give the instruction requested. Appellant's second issue is overruled.

**Conclusion**

Having overruled Appellant's two issues, we affirm the judgment of the trial court as to each count.

Patrick A. Pirtle
Justice

Do not publish.