NO. 07-06-0429-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 6, 2007

______________________________


ANTHONY D. JAMES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_________________________________

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-411486; HONORABLE CECIL G. PURYEAR, JUDGE

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ. 
MEMORANDUM OPINION
          Appellant, Anthony D. James, appeals his conviction on four counts of aggravated
sexual assault of a child and one count of indecency with a child. By two issues, he
contends his conviction should be reversed because (1) there was a fatal variance between
the allegations in the indictment and the proof adduced at trial concerning the name of the
victim, and (2) the trial court erred by failing to submit a proper limiting instruction to the jury
concerning evidence of extraneous offenses. Finding no error, we affirm the conviction as
to each count.
Background
          Appellant was charged by indictment with ten counts of sexual abuse pertaining to
two victims, Aliakeke Harlan and Dazhina Harlan. Counts 1 through 3 accused Appellant
of aggravated sexual assault by “intentionally and knowingly caus[ing] the penetration of
the female sexual organ of ALIAEKEK HARLAN, a child . . . younger than fourteen (14)
years of age, by the defendant’s finger” on three separate dates. Count 4 accused the
Appellant of aggravated sexual assault by “intentionally and knowingly caus[ing] the sexual
organ of ALIAEKEK HARLAN, a child . . . younger than fourteen (14) years of age, . . . to
contact the mouth of the defendant,” while Count 5 alleged that Appellant did commit the
offense of indecency with a child by “intentionally and knowingly, with intent to arouse and
gratify the sexual desire of any person, engage in sexual contact by touching the breast of
ALIAEKEK HARLAN, . . . .” Counts 6 through 10 dealt with offenses wherein the alleged
victim was Dazhina Harlan; however, prior to the commencement of trial in this proceeding,
the trial court severed Counts 1 through 5 from Counts 6 through 10.
          After a jury convicted Appellant on Counts 1 through 5, the State introduced during
the punishment phase of trial evidence of prior convictions sufficient to enhance the range
of punishment for the four counts of aggravated sexual assault to 25 to 99 years or life, and
for the one count of indecency with a child to that of a first degree felony, or 5 to 99 years,
or life and a fine of up to $10,000. The trial court then sentenced Appellant to four
concurrent life sentences for Counts 1 through 4, and a fifth concurrent sentence of 40
years for Count 5. Appellant gave timely notice of appeal.
Variance of Name Alleged and Proved
          By his first issue, Appellant contends that his conviction should be reversed because
there was a fatal variance between the allegation contained in the indictment and the proof
adduced at trial concerning the name of the alleged victim of the offense. The indictment
alleges that the victim of Counts 1 through 5 is “Aliaekek Harlan.” The evidence adduced
at trial revealed that the correct spelling of the victim’s name was “Aliakeke Harlan.” 
          Relying on the doctrine of idem sonans, Appellant persuaded the trial court to charge
the jury as follows:
You are instructed that unless you find from the evidence beyond a
reasonable doubt that the names Aliaekek Harlan, appearing in the
indictment, and Aliakeke Harlan, as testified to in the trial are usually
pronounced in such a way that the names are indistinguishable or that the
attentive ear finds difficulty in distinguishing them when pronounced, you will
find the defendant “Not Guilty” as to all counts.
 
On appeal, Appellant contends the doctrine of idem sonans governs this case and that the
evidence is factually insufficient to sustain the conviction because the true name of the
victim was incapable of being pronounced the same as the name alleged in the indictment. 
 We disagree.
          Appellant is correct, a misspelled name in an indictment does not create a material
variance between allegation and proof if the name alleged and that pronounced are idem
sonans. Jenke v. State, 487 S.W.2d 347, 348 (Tex.Crim.App. 1972). However, that
principal does not preclude the conclusion that a misspelled name in an indictment does
not create a material variance between allegation and proof if the name alleged in the
indictment provides the accused with sufficient notice of the offense charged. Notice is
sufficient if the accused is not unfairly surprised or prejudiced in some manner. Plessinger
v. State, 380, 381 (Tex.Crim.App. 1976).
          A “variance” occurs when there is a discrepancy between the allegations in the
charging instrument and the proof at trial. Gollihar v. State, 46 S.W.3d 243, 246
(Tex.Crim.App. 2001). While some courts have treated variance claims as being a
sufficiency of notice issue, the Texas Court of Criminal Appeals has routinely treated a
variance claim as a sufficiency of the evidence issue. Id. at 247. While a materiality or
harmless error-type requirement is not generally a component in a traditional sufficiency
of the evidence analysis, it is nevertheless required in the context of a variance-insufficiency claim. In that regard, a variance that is not prejudicial to a defendant’s
“substantial rights” is immaterial. Id. at 248. In determining whether or not a defendant’s
substantial rights have been prejudiced, we must ask two questions: (1) whether the
indictment, as written, provides the defendant with notice sufficient to allow him to prepare
an adequate defense at trial, and (2) whether prosecution under the deficiently drafted
indictment would be sufficient to allow the defendant’s double jeopardy rights to attach,
thereby avoiding the prejudice of being prosecuted for the same crime at a later date. Id.
          In Stevens v. State, 891 S.W.2d 649, 650 (Tex.Crim.App. 1995), the indictment
alleged that the defendant committed aggravated sexual assault against “100589-040584,"
a pseudonym; however, at trial there was no evidence that the victim and the alleged
pseudonym were the same person. Applying a materiality requirement, the Court of
Criminal Appeals affirmed the conviction holding that the variance between the indictment
and proof did not operate to the defendant’s surprise or prejudice despite the fact that
“100589-040584" and the actual name of the victim were clearly not idem sonans. Id. at
651. 
          In this case, Appellant was personally acquainted with the victim. She was the
daughter of Appellant’s girlfriend and she lived in the same household for several years. 
She shared the same last name and was the sister of the victim in the severed counts. 
Furthermore, Appellant never claimed to be mislead and never sought a continuance in
order to allow him to meet any surprise. Given the uniqueness of the name “Aliakeke,” the
orthographic similarity of the spelling (Aliakeke v. Aliaekek), the nature, extent and duration
of the relationship between Appellant and the alleged victim, as well as the similarity of
allegations pertaining to the victim’s sister, and the lack of any evidence of surprise, we find
that no rational person would be confused. Because we further find that double jeopardy
would bar any future prosecution for the offenses alleged as to Aliakeke, we conclude the
variance in this case was immaterial. In so finding, we overrule Appellant’s first issue.
Extraneous Offense Limiting Instruction
          By his second issue, Appellant contends the trial court erred by failing to submit a
proper limiting instruction to the jury concerning evidence of extraneous offenses. Upon
close examination, Appellant’s issue is actually a two-part issue complaining of alleged trial
court error in (1) giving an improper limiting instruction during trial following the admission
of the victim’s testimony regarding other offenses, and (2) giving an improper instruction
in the jury charge which failed to limit the jury’s consideration to those purposes for which
that evidence was admitted.
          As a general principle, a multifarious point of error presents nothing for review. 
County v. State, 812 S.W.2d 303, 308 (Tex.Crim.App. 1989). However, when an appellate
court can review an appellant’s points and determine the nature of the complaint with
sufficient certainty to acquaint it with the issues, the court should address the arguments
presented. In this case, Appellant complains of the inadequacy, as opposed to the
absence, of the contemporaneous limiting instruction given during the guilt-innocence
phase of trial, as well as the inadequacy of the limiting instruction given in the court’s
charge. If Appellant was not entitled to an instruction in the first place, then the adequacy
of the instruction given at either point in the trial would be rendered moot. Therefore,
because Appellant’s entitlement to an instruction is dispositive of his multifarious issue, we
will address that facet of his complaint.
          During the presentation of its case-in-chief, the State offered the testimony of the
victim, Aliakeke Harlan, concerning multiple instances of conduct like those described in
the five counts of the indictment. At no time during the proceeding did Appellant request
the trial court to compel the State to make an election as to which specific instance of
conduct it was relying upon to prove the allegations contained in the indictment. As a
result, none of the instances of conduct described were “extraneous offenses.” Rodriguez
v. State, 104 S.W.3d 87, 91 (Tex.Crim.App. 2003). Appellant’s remedy was to require the
State to elect the occurrence on which it sought to rely for conviction. Id. Because none
of the testimony amounted to testimony concerning an extraneous offense, the trial court
did not err in failing to give the instruction requested. Appellant’s second issue is overruled.
Conclusion
          Having overruled Appellant’s two issues, we affirm the judgment of the trial court as
to each count.
                                                                           Patrick A. Pirtle

                                                                                 Justice





 

Do not publish.