**Rickey Neal WHITE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 01–04–00045–CR, 01–04–00052–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 5, 2006.

John M. Thoma, Galveston, for appellant.

Kurt Sistrunk, Criminal Dist. Atty., Galveston County, Joel H. Bennett, Asst. Criminal Dist. Atty., Galveston, for appellee.

Panel consists of Justices TAFT, KEYES, and HANKS.

## OPINION

GEORGE C. HANKS, JR., Justice.

A jury found appellant, Rickey Neal White, guilty of criminal trespass and obstructing highway passage, and the trial court sentenced him to 180 days in jail on each cause, to run concurrently. In four points of error, appellant contends that (1) the trial court erred by limiting voir dire to 30 minutes, (2) the trial court erred in consolidating the offenses, (3) the State failed to prove the identity of the complainant, and (4) his trial counsel was ineffective. We affirm.

### Background

Gary Nguyen, a convenience store owner, testified that, on numerous occasions, he had told appellant not to enter his store. In 2003, Nguyen had called the police between 10 and 20 times to report appellant's behavior. Nguyen testified that appellant scares him because appellant has threatened to "kick [his] butt." Appellant had been given a criminal trespass warrant, and the police had instructed Nguyen to call them if appellant attempted to enter the store. Despite these warnings, on November 3, 2003, appellant entered Nguyen's store. Nguyen asked him to leave, and he left the store, but he "hang [sic] around the front of [the] store asking people for money. People were afraid to come to [the] store." Nguyen called the police.

Officer M. Sollenberger with the Galveston Police Department testified that she received a call that "there was a transient that was asked earlier in the evening to leave the premise [sic] and he had returned and was aggressively panhandling customers inside." When Officer Sollenberger arrived, Nguyen told her that appellant had left the premises, and he described appellant to Sollenberger and identified him by name. While Sollenberger was looking for appellant in the area around the store, a man flagged her down in the street and told her that he had just been "flashed" by a man who resembled the description that Nguyen had given her

of appellant.[1]

Sollenberger testified that she continued to drive in pursuit of appellant. She apparently passed him without seeing him because, the first time she saw him, she saw him in her rearview mirror of her car, and he was chasing after her on foot. He was running in the middle of the street, yelling, "Come back here you fucking bitch. Come back here." Sollenberger testified that she was familiar with appellant and knew he could be aggressive, so she radioed another unit to assist her. Appellant chased her car in the middle of the street for 75 yards and finally stopped in an intersection after Sollenberger did a U-turn so that she would be facing him. Officer Sollenberger testified that she could have reached out her car window and touched appellant while she was driving. It was "definitely" hazardous for him to be running in the street, despite the fact that there were no other cars on the road at the time.

Sollenberger handcuffed appellant, and he was positively identified as the "flasher" and the person who had entered Nguyen's store. Appellant was charged with criminal trespass and obstructing highway passage.

### Voir Dire

■ In point of error one, appellant argues that the trial court erred by not granting sufficient time to conduct a proper voir dire examination.

■ Here, the trial court stated that each side was allotted 30 minutes for voir dire. Appellant did not object. An appellate court must review the trial court's ruling in light of the arguments that were before the court at the time it ruled. *See*

TEX.R.APP. P. 33.1; *Dragoo v. State*, 96 S.W.3d 308, 313 (Tex.Crim.App.2003). By failing to object to the voir dire time limit, appellant has waived the complaint on appeal. *See Taylor v. State*, 939 S.W.2d 148, 155 (Tex.Crim.App.1996) (holding that, if Taylor's objection could not have been fairly construed as relating to the voir dire restriction, then Taylor would have waived error).

We overrule point of error one.

### Variance

■ In point or error three, appellant contends that the State "failed to prove the identity of the owner as alleged in the Information." Specifically, appellant complains that Gary Nguyen testified as the complainant, but the information identifies the complainant as "Gary Nguyen/Galveston Food Store."

■ A prosecution violates due process when an information alleges one offense but the State proves another. *Stevens v. State*, 891 S.W.2d 649, 649–50 (Tex. Crim.App.1995). The doctrine's purpose is to avoid surprise, and for a variance to be material, it must be such as to mislead the party to his prejudice. *Id.* Only a material variance is fatal. *Id.* at 650.

Throughout his testimony, Nguyen referenced *his* store and *his* customers, and he testified that he was the owner of the store, which was identified as the Galveston Food Store. Accordingly, we hold that there was no material variance between the proof and the information.

We overrule point of error three.

### Ineffective Assistance of Counsel

In point of error two, appellant argues that his trial counsel "failed to provide

---

1. Nguyen described appellant as a 5 foot 7 inch, shirtless, black male, wearing blue jeans.

effective representation." Specifically, appellant contends that his trial counsel (1) filed no motions on his behalf, (2) was unaware that he had already been examined and found to be competent when she requested that he be examined, (3) failed to call any witnesses on his behalf, (4) failed to seek a directed verdict after the evidence was insufficient to properly identify the victim and to prove the venue of the offense, (5) failed to object to the 41 prior misdemeanor convictions presented at the punishment phase of trial, (6) failed to tender a proposed jury charge, (7) during a hearing, "answered a cell phone call and left the courtroom to talk with the caller after which the Court found her in contempt and fined her $100," and (8) conceded her own ineffectiveness in a brief filed with this Court.[2]

■ The right of an accused in a criminal proceeding to the effective assistance of counsel is guaranteed by both the Constitutions of the United States and of Texas. U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; *Ex Parte Prejean,* 625 S.W.2d 731, 733 (Tex.Crim.App.1981). The right extends to both trial and appeal. *Gideon v. Wainwright,* 372 U.S. 335, 344, 83 S.Ct. 792, 796–97, 9 L.Ed.2d 799 (1963); *Buntion v. Harmon,* 827 S.W.2d 945, 948 (Tex. Crim.App.1992). The standard of review for evaluating claims of ineffective assistance of counsel is set forth in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Appellant must show that (1) counsel's performance was so deficient that he was not functioning as acceptable counsel under the Sixth Amendment and (2) but for the counsel's error, the result of the proceed-

ings would have been different. *Id.* at 687, 104 S.Ct. at 2064.

While the record in this case is replete with examples of trial counsel's ineffectiveness, the record is also full of evidence supporting his conviction. Appellant cannot satisfy the second *Strickland* prong— but for the counsel's error, the result of the proceedings would have been different. *See id.* at 687, 104 S.Ct. at 2064. The record does not support a finding that, but for counsel's error, the outcome would have been different, and appellant fails to even make an argument that he was harmed.

We overrule point of error two.

### Consolidation

■ In point of error four, appellant asserts that the trial court erred "in allowing the consolidation of more than one offense by the appellee on the day of trial over objection of appellant."

■ When the State elects to consolidate prosecution of multiple offenses arising out of a single criminal episode, "the defendant shall have a right to a severance of the offenses." TEX. PEN.CODE ANN. § 3.02 (Vernon 2003); *Ex parte McJunkins,* 954 S.W.2d 39, 42 (Tex.Crim.App. 1997). A trial court's failure to sever despite a defendant's objection to joinder of cases is reversible error. *See Warmowski v. State,* 853 S.W.2d 575, 578 (Tex.Crim. App.1993). The mandatory language of the Penal Code invests absolute discretion in the defendant to make the decision. *Id.*

Various potentialities for harm other than consecutive sentencing exist when a defendant is denied the right to severance

---

2. Appellant's trial counsel was appointed to represent him on appeal. In appellant's brief, counsel argued that she, the author of the appellate brief, was ineffective during the trial. This Court abated the case for a hearing

before the trial court to determine if there was a conflict of interest. The trial court conducted a hearing and appointed new appellate counsel.

of offenses. The rule allowing severance rests upon two legitimate concerns: (1) that the jury may convict a "bad man" who deserves to be punished—not because he is guilty of the crime charged but because of his prior or subsequent misdeeds; and (2) that the jury will infer that, because the accused committed other crimes, he probably committed the crime charged. *Llamas v. State*, 12 S.W.3d 469, 471–72 (Tex.Crim.App.2000) (citing 2 WAYNE R. LAFAVE, ISRAEL & KING, CRIMINAL PROCEDURE CRIMINAL PRACTICE SERIES, 17.1(d) (2d ed. Supp.1999)).

Relying on *Warmowski*, appellant contends that he need not show prejudice resulting from the trial court's ruling, and the error is not subject to a harmless error analysis. While appellant accurately reflects the holding in *Warmowski*, he does not accurately reflect the current state of the law. Four years after deciding *Warmowski*, the Court of Criminal Appeals held that, except for certain federal constitutional errors labeled by the United States Supreme Court as structural, no error, whether it relates to jurisdiction, voluntariness of a plea, or any other mandatory requirement, is categorically immune to a harmless error analysis. *Cain v. State*, 947 S.W.2d 262, 264 (Tex.Crim. App.1997). Consequently, "the language in *Warmowski* indicating that severance error is never subject to a harm analysis is disavowed." *Llamas*, 12 S.W.3d at 470.

To judge the likelihood that harm occurred, appellate courts must consider everything in the record, including all the evidence admitted at trial, the closing arguments, and the jurors' comments during voir dire. *Id.* at 471. In order to properly conduct a harm analysis under Rule 44.2(b), an appellate court need only determine whether or not the error affected a substantial right of the defendant. *See* TEX.R.APP. P. 44.2(b). To make this

determination, appellate courts must decide whether the error had a substantial or injurious affect on the jury verdict. The very process of reaching this decision, is the performance of a Rule 44.2(b) harm analysis. *Id.* at 472 n. 2.

Here, the evidence of appellant's two offenses was admissible as contextual evidence. Same-transaction contextual evidence results when an extraneous matter is so intertwined with the State's proof of the charged crime that avoiding reference to it would make the State's case incomplete or difficult to understand. *Rogers v. State*, 853 S.W.2d 29, 33 (Tex.Crim.App.1993). The purpose of admitting extraneous evidence as same transaction contextual evidence is to put the instant offense in context. *Camacho v. State*, 864 S.W.2d 524, 532 (Tex.Crim. App.1993); *Swarb v. State*, 125 S.W.3d 672, 681 (Tex.App.-Houston [1st Dist.] 2003, pet. dism'd).

Officer Sollenberger's testimony was necessary to explain how appellant was arrested and presented to Nguyen for identification for the criminal trespass offense. Nguyen's testimony was necessary to explain why Officer Sollenberger was searching for appellant when she found him obstructing the roadway. Accordingly, we hold that the consolidation of the offenses over appellant's objection was harmless.

Further, the trial court's error arguably benefitted appellant. When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, sentence for each offense for which he has been found guilty shall be pronounced. TEX. PEN.CODE ANN. § 3.03(a) (Vernon 1974). Such sentences shall run concurrently. *Id.; see LaPorte v. State*, 840 S.W.2d 412, 415 (Tex.Crim.App.1992). Had they been tried in two different criminal actions, ap-

pellant's punishments could have been stacked. *See* TEX.CODE CRIM. PROC. ANN. art. 42.08 (Vernon Supp.2005).

We overrule point of error four.

## Conclusion

We affirm the judgment of the trial court.