NO. 07-10-0098-CR
 NO. 07-10-0322-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL C

 MAY 12, 2011

 JAMES TERRY SHELNUTT, APPELLANT

 v.

 THE STATE OF TEXAS, APPELLEE

 FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

 NOS. 59,233-D & 59,234-D; HONORABLE DON EMERSON, JUDGE

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 MEMORANDUM OPINION

 Appellant, James Terry Shelnutt, was convicted following a jury trial of the murders of Robert
Phillips and Phyllis Fassauer in Cause Nos. 59,233-D and 59,234-D, respectively, and sentenced to
confinement for life and fined $10,000 in each case.[1] In two issues, Appellant asserts: (1) the
trial court erroneously joined the two causes in a single trial and (2) his counsel was ineffective
for not presenting mitigation evidence during his punishment trial. We modify the judgment in Cause
No. 59,233-D to reflect the correct amount of court costs and, as modified, is affirmed. The
judgment in Cause No. 59,234-D is affirmed.

 Background

 On February 4, 2009, a Potter County Grand Jury returned separate indictments charging
Appellant with two murders allegedly committed more than twenty-seven years prior to the
indictments. In Cause No. 59,233-D, Appellant was charged with intentionally or knowingly causing
the death of Robert Phillips on November 16, 1981, by shooting him with a firearm. In Cause No.
59,234-D, Appellant was charged with intentionally or knowingly causing the death of Phyllis
Fassauer on November 16, 1981, by shooting her with a firearm. The State's theory was that
Appellant was guilty under the law of parties because he solicited, aided, assisted, and encouraged
William Randall Bennett to kill Phillips, and that Bennett then also killed Fassauer in the course
of killing Phillips.

 On February 22, 2010, Appellant filed a motion to quash and exception to the substance of the
indictment underlying Cause No. 59,234-D, the Fassauer murder. In his motion, Appellant alleged
that the State could not prove that Appellant "intentionally or knowingly caus[ed]" the death of
Fassauer under the law of transferred intent. On February 24, 2010, the trial court held a pretrial
hearing where the motion to quash was addressed. During the hearing, Appellant's counsel asserted
that the indictment alleging Appellant murdered Fassauer was invalid because it was not supported by
the law existing at the time of the offense and there was no legal or factual basis to support the
State's allegations in that cause.[2]

 The trial court ultimately denied Appellant's motion to quash; however, during the course of
that hearing, the discussion turned to whether or not the two indictments should be tried together.
In response to the trial court's query as to whether they were going to be tried together,
Appellant's counsel responded: "No." Appellant's counsel contended that evidence of Fassauer's
murder would be prejudicial and unduly aggravate any punishment Appellant might receive for
Phillips's murder because Fassauer was merely an innocent bystander. The State asserted that the
cases should be tried together because Fassauer's death and Phillips's death were inextricably
intertwined as a double homicide that occurred during the same criminal episode and evidence of both
murders would necessarily be introduced during the prosecution of either indictment. Thereafter,
the trial court made a determination that the two indictments would be tried together even though
the State had never filed written notice of consolidation or joinder.

 A four day jury trial commenced on March 1, 2010. The day trial commenced, Appellant filed a
motion entitled "Motion For Continuance" wherein he requested the trial court to reconsider its
ruling on Appellant's motion to quash the indictment and further requested a continuance of Cause
No. 59,234-D, the Fassauer murder, because the State had not filed a motion for joinder or served
notice as contemplated by section 3.02(b) of the Texas Penal Code.[3]

 Prior to denying Appellant's motion for continuance, the trial court asked Appellant's counsel
to explain the reason for the request and received the following responses:

 Your Honor, as previously that we argued (sic) in a pretrial motion to quash the indictment in
 59,234, there are two different and separate indictments. We believe that because there was no
 motion for joinder filed, or a notice as required of 30 days, there should be no joinder.

 * * *

 Yes, sir, and I'm only requesting a continuance in 59,234. I'm sorry if I wasn't clear.

 At the trial, the State presented testimonial evidence from a number of witnesses, including
Bennett, that Appellant solicited Bennett to kill Phillips in return for an ounce of
methamphetamine. Appellant gave Bennett a gun and drove him to a location near Phillips's house
where he let Bennett out of his car. After entering Phillips's house, Bennett spoke to Phillips and
his girlfriend, Fassauer, in the living room. He then went into the kitchen to get a drink of
water. When he returned to the living room, he first shot Phillips from behind in the back of the
head and then shot Fassauer because she witnessed Bennett shooting Phillips. He then left the
house. Shortly thereafter, Appellant picked Bennett up while he was walking down the street as
planned.[4] Based on this evidence, the jury returned a verdict of guilty on both indictments.

 At the punishment trial, the State re-offered the evidence presented in its case-in-chief and
introduced a penitentiary package containing information on Appellant's four previous felony
convictions. Appellant's counsel presented no mitigation evidence. During closing argument by
Appellant's counsel, however, she argued that Appellant was not present at the time the two persons
were killed and Bennett was the shooter. She indicated favorable character witnesses were
unavailable because Appellant had built his own prison using and selling drugs in a culture where
survival was always an issue. The jury assessed punishment for each indictment at confinement for
life and a $10,000 fine. The trial court's subsequent judgments sentenced Appellant to two
concurrent sentences of confinement for life and a $10,000 fine.[5] This appeal followed.

 Joinder / Severance

 Appellant asserts the trial court erroneously joined the two causes in a single trial because
the State did not move to consolidate or give thirty days written notice that it intended to
consolidate pursuant to section 3.02(b). Appellant further asserts that severance was mandated
pursuant to section 3.04(a) because Appellant objected to a joint trial. Appellant asserts he was
harmed because the State's evidence underlying Fassauer's murder was weak and the trial court did
not give its legal analysis when it denied Appellant's motion to quash.

 The State contends Appellant waived his right to a severance or acquiesced to a consolidated
trial because Appellant never requested that the causes be tried separately either orally or in a
written motion. The State also asserts that, if error was committed, it was harmless error because,
if separate trials were had, Phillips's and Fassauer's murders would be admissible in either action
because the murders occurred in the same criminal episode and, as such, constituted same transaction
contextual evidence.

 Although we consider it doubtful whether Appellant affirmatively asserted his right to
severance prior to trial,[6] we need not consider this issue because assuming severance was raised
and erroneously denied by the trial court, any error was harmless. To judge the likelihood that
harm occurred, we must consider everything in the record, including all the evidence admitted at
trial, the closing arguments, and the juror's comments during voir dire. Llamas v. State, 12 S.W.3d
469, 471 (Tex.Crim.App. 2000). In order to properly conduct a harm analysis under Rule 44.2(b), an
appellate court need only determine whether or not the error affected a substantial right of the
defendant. See Tex. R. App. P. 44.2(b). To make this determination, appellate courts must decide
whether the error had a substantial or injurious affect on the jury verdict. White v. State, 190
S.W.3d 226, 231 (Tex.App.--Houston [1st Dist.] 2006, no pet.).

 Here, the evidence of Appellant's two offenses was admissible in a single trial as contextual
evidence.[7] See Camacho v. State, 864 S.W.2d 524, 532 (Tex.Crim.App. 1993), cert. denied, 510 U.S.
1215, 114 S.Ct. 1339, 127 L.Ed.2d 687 (1994) (where two persons were kidnapped in Texas and later
murdered in Oklahoma, kidnapping and double murder were part of the same transaction contextual
evidence); Nelson v. State, 864 S.W.2d 442, 498-99 (Tex.Crim.App. 1993), cert. denied, 510 U.S.
1215, 114 S.Ct. 1338, 127 L.Ed.2d 686 (1994) (where two women were simultaneously sexually assaulted
and one woman murdered, evidence of one victim's sexual assault and murder was admissible in other
victim's trial alleging sexual assault and attempted murder as same transaction contextual
evidence). Thus, the jury would have heard the same evidence regardless of whether the offenses
were tried separately in a different trial or together in one. See Dominguez v. State, 62 S.W.3d
203, 208 (Tex.App.--El Paso 2000, pet. ref'd). Accordingly, because the same evidence would be
admissible regardless of whether the offenses were tried separately or jointly, we hold that any
joinder / severance error did not affect a substantial right. See White, 190 S.W.3d at 231-32;
Tovar v. State, 165 S.W.3d 785, 795 (Tex.App.--San Antonio 2005, no pet.); Dominguez, 62 S.W.3d at
208. Appellant's first issue is overruled.

 Ineffective Assistance of Counsel

 Appellant next asserts that his trial counsel was ineffective because he failed to present any
mitigating evidence during the punishment trial. The State counters that the record is insufficient
to conclude that Appellant's trial counsel was ineffective.

 We examine ineffective assistance of counsel claims by the standard enunciated in Strickland
v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and adopted by Texas in
Hernandez v. State, 726 S.W.2d 53, 56-57 (Tex.Crim.App. 1986). Appellant has the burden to show by
a preponderance of evidence (1) trial counsel's performance was deficient in that it fell below the
prevailing professional norms, and (2) the deficiency prejudiced the defendant; that is, but for the
deficiency, there is a reasonable probability that the result of the proceeding would have been
different. See Thompson v. State, 9 S.W.3d 808, 812 (Tex.Crim.App. 1999). Counsel's conduct is
viewed with great deference; Goodspeed v. State, 187 S.W.3d 390, 392 (Tex.Crim.App. 2005), and any
allegation of ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness. Thompson, 9 S.W.3d at 812.

 In the usual case in which an ineffective assistance claim is made, "the record on direct
appeal will not be sufficient to show that counsel's representation was so deficient and so lacking
in tactical or strategic decision-making as to overcome the presumption that counsel's conduct was
reasonable and professional." Bone v. State, 77 S.W.3d 828, 833 (Tex.Crim.App. 2002). This is
generally the case because a silent record provides no explanation for counsel's actions and
therefore will not overcome the strong presumption of reasonable assistance. Freeman v. State, 125
S.W.3d 505, 506 (Tex.Crim.App. 2003). The proper procedure for raising a claim of ineffective
assistance is almost always habeas corpus. Aldrich v. State, 104 S.W.3d 890, 896 (Tex.Crim.App.
2003).

 This case demonstrates the inadequacies inherent in evaluating such claims on direct appeal.
See Patterson v. State, 46 S.W.3d 294, 306 (Tex.App.--Fort Worth 2001, pet. ref'd). Like Patterson,
Appellant's motion for new trial did not claim ineffective assistance of counsel, the trial court
did not hold a hearing to determine whether Appellant's complaint involved actions that may or may
not have been grounded in sound trial strategy. The only indication in the record why Appellant's
trial counsel did not present any mitigation evidence is her closing argument in the punishment
proceeding where she indicated such evidence was unavailable. On appeal, Appellant does not point
to any evidence that was available or describe how such evidence would have created a reasonable
probability that the result of the proceeding would have been different.

 On this record, to find Appellant's counsel ineffective, we would have to engage in prohibited
speculation. See Stafford v. State, 101 S.W.3d 611, 613-14 (Tex.App.--Houston [1st Dist.] 2003,
pet. ref'd). Absent evidence of counsel's strategy, we cannot denounce counsel's actions as
ineffective nor can we determine there is a reasonable probability that the outcome would have been
different. For this reason, Appellant has not met either prong of the Strickland test.
Accordingly, Appellant's second issue is overruled.

 Attorney's Fees

 We also note an issue not raised by Appellant regarding the assessment of attorney's fees.[8]
The written judgment in Cause No. 59,233-D reflects the assessment of court costs in accordance with
the attached list of costs, fees and fines. The attached Bill of Costs then reflects total costs of
$28,757.91, which sum includes court-appointed attorney's fees of $10,433.06. Also contained in the
clerk's record is an order directing the Institutional Division of the Texas Department of Criminal
Justice to withhold from Appellant's inmate account sums sufficient to pay the $28,757.91. In order
to assess attorney's fees as court costs, a trial court must determine that the defendant has
financial resources that enable him to offset in part or in whole the costs of legal services
provided. Tex. Code Crim. Proc. Ann. art. 26.05(g) (West 2009). Here, the clerk's record reflects
the trial court found Appellant indigent and unable to afford the cost of legal representation both
before trial in February of 2010, and again after trial in March 2010. Unless a material change in
his financial resources occurs, once a criminal defendant has been found to be indigent, he is
presumed to remain indigent for the remainder of the proceedings. Tex. Code Crim. Proc. Ann. art.
26.04(p) (West Supp. 2010). Therefore, because there is evidence of record demonstrating that
immediately following rendition of judgment Appellant was indigent and qualified for court-appointed
counsel, we presume that his financial status has not changed.

 Furthermore, the record must reflect some factual basis to support the determination that the
defendant is capable of paying attorney's fees. Barrera v. State, 291 S.W.3d 515, 518 (Tex.App.--
Amarillo 2009, no pet.); Perez v. State, 280 S.W.3d 886, 887 (Tex.App.--Amarillo 2009, no pet.).

 We note that the record in this case does not contain a pronouncement, determination, or
finding that Appellant had financial resources that enable him to pay all or any part of the fees
paid his court-appointed counsel, and we are unable to find any evidence to support such a
determination. Therefore, we conclude that the order to pay attorney's fees was improper. See
Mayer v. State, 309 S.W.3d 552, 555-56 (Tex.Crim.App. 2010). No trial objection is required to
challenge the sufficiency of the evidence regarding the defendant's ability to pay. Id. When the
evidence does not support an order to pay attorney's fees, the proper remedy is to delete the order.
 Id. at 557; see also Anderson v. State, No. 03-09-00630-CR, 2010 Tex.App. LEXIS 5033, at *9
(Tex.App.--Austin July 1, 2010, no pet.) (mem. op., not designated for publication) (also modifying
judgment to delete attorney's fees). Accordingly, in Cause No. 59,233-D, we modify both the
judgment and the order to withdraw funds so as to delete any obligation to pay court-appointed
attorney's fees. We further note that the judgment in Cause No. 59,234-D does not contain the same
error.

 Conclusion

 Having modified the trial court's judgment in Cause No. 59,233-D to delete the order
obligating Appellant to pay $10,433.06 in attorney's fees, that judgment is affirmed as modified.
The trial court's judgment in Cause No. 59,234-D is affirmed.

 Patrick A. Pirtle
 Justice

Do not publish.

-----------------------
[1]See Tex. Penal Code Ann. § 19.02 (b)(1) (West 2003).

[2]Ultimately, Appellant does not contest the applicability of the law of parties as a legal basis
for the conviction, nor does he contest the legal and factual sufficiency of the evidence to support
that conviction.

[3]Throughout the remainder of this opinion, references to "section ____" or "§ ___" are references
to the Texas Penal Code.

[4]Bennett's account of his agreement with Appellant, the murder and subsequent events taken by
Appellant to hide his participation in the murders was corroborated by four other witnesses who
overheard statements made by Appellant shortly after the murders occurred.

[5]See Tex. Penal Code § 3.03(a) (West 2003) (absent an exception, when an accused is found guilty
of more than one offense arising out of the same criminal episode prosecuted in a single action, the
sentences shall run concurrently).

[6]Appellant's motions asked only that the trial court quash the indictment or grant a continuance
of Cause No. 59,234-D. No written or oral motion for a separate trial was ever made. See Coleman
v. State, 788 S.W.2d 369, 373 (Tex.Crim.App. 1990) (where appellant's motion did not apprise the
trial court that it was a motion to sever offenses for separate trials, appellant's right to
severance was waived). Furthermore, Appellant does not argue or explain why the right to a
severance under § 3.04(a) should apply to the facts of this case. See § 3.04(c) (providing that §
3.04(a) does not apply to a prosecution of multiple offenses arising out of the same criminal
episode).

[7]Same transaction contextual evidence results when an extraneous matter is so intertwined with the
State's proof of the charged crime that avoiding reference to it would make the State's case
incomplete or difficult to understand. Rogers v. State, 853 S.W.2d 29, 33 (Tex.Crim.App. 1993).
"It is well settled that where one offense or transaction is one continuous episode, or another
offense or transaction is part of the case on trial or blended or closely interwoven therewith,
proof of all facts is proper." Moreno v. State, 721 S.W.2d 295, 301 (Tex.Crim.App. 1986). The
purpose of admitting extraneous evidence as same transaction contextual evidence is to put the
instant offense in context. Camacho v. State, 864 S.W.2d 524, 532 (Tex.Crim.App. 1993).

[8]Courts of appeals may review unassigned error in criminal cases, particularly where the record
discloses error that should be addressed in the interest of justice. Hammock v. State, 211 S.W.3d
874, 878 (Tex.App.--Texarkana 2006, no pet.). Where, as here, the error appears on the face of the
judgment and does not involve the merits of the criminal trial, but instead solely addresses the
clerical correctness of the judgment, we find that the interest of justice dictated that we address
the issue.